IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY ANN GRIFFIN and
NATOSHA A. WILSON,
    Plaintiffs,

vs.                              Case No.: 3:14cv649/RV/EMT

GLENN R. GRIFFIN, JR., et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiffs Mary Ann Griffin and Natosha A. Wilson (mother and daughter, respectively) have filed amended civil rights complaints under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 (docs. 8, 9).[1] They are proceeding pro se and in forma pauperis.

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Plaintiffs, it is the opinion of the undersigned that their claims should be dismissed.

I.    BACKGROUND

    Plaintiffs appear to name three Defendants in this action: Glenn R. Griffin, Jr. (Plaintiff Griffin's ex-husband and Plaintiff Wilson's former stepfather), Tim Nusser, Esq. (an attorney who represented Mr. Griffin in the divorce proceeding involving Plaintiff Griffin), and Judge Gary Bergosh, the state court judge who presided over the Griffins' divorce proceeding (*see* doc. 8 at 1, 2; doc. 9 at 1, 2). Plaintiff Griffin alleges the final judgment in the divorce proceeding is invalid due to improper venue and lack of jurisdiction (doc. 8 at 3). She alleges Judge Bergosh made numerous

---

[1] Although Plaintiffs disregarded the court's instruction to jointly file one amended complaint (*see* doc. 7) and instead filed separate amended complaints, the court will liberally construe both documents as Plaintiffs' amended complaint.

rulings in the case even though appellate proceedings were pending (*id.*). Plaintiff Griffin alleges Judge Bergosh made erroneous rulings regarding the division of property, including a determination that property located at 1936 Gary Circle was marital property (*id.*). She alleges she purchased the Gary Circle property for her daughter, Plaintiff Wilson, allegedly with funds she received as a gift (*id.*). She alleges Mr. Griffin and Attorney Nusser failed to prove that the funds were not a gift, and lied to the state court by stating that Plaintiff's purchase of the property constituted wasting of marital assets (*id.*). Plaintiff Griffin alleges Mr. Griffin also presented fraudulent documents to the county property appraiser's office in order to transfer title of the Gary Circle property from Plaintiff Wilson to him (*id.*). Plaintiff Griffin alleges Mr. Griffin wasted marital assets by placing the martial home, located in Navarre, Florida, in only his name, and he depleted marital funds by giving them to a "non-marital relationship" (*id.*). Plaintiff Griffin alleges Judge Bergosh failed to divide all of the marital property, including all assets and liabilities (*id.*).

Plaintiff Griffin claims that Mr. Griffin, Attorney Nusser, and Judge Bergosh violated her constitutional rights to due process and equal protection (doc. 8 at 4). She also claims a violation of the Thirteenth Amendment (*id.*). Plaintiff Griffin further asserts state law claims, including violation of state laws governing distribution of property in divorce proceedings, and a state law battery claim against Defendant Griffin (*id.*). As relief, she seeks redistribution of the marital assets, punitive damages, and compensatory damages for expenses she incurred as a result of the divorce decree and for injuries from the alleged battery (*id.*).

Plaintiff Natosha Wilson joins her mother in this lawsuit, alleging her mother purchased the home at 1936 Gary Circle for her in 2010 (doc. 9 at 3). She alleges she was dispossessed of her interest in the property in the divorce proceeding with no opportunity to be heard (*id.*). Plaintiff Wilson alleges she is disabled and now homeless with a "special needs" child (*id.*). She claims that Mr. Griffin, Attorney Nusser, and Judge Bergosh violated her rights to privacy and due process (*id.* at 4). She also claims a violation of the "Disability Act" and the Thirteenth and Fifteenth Amendments (*id.*). Plaintiff Wilson also asserts a state tort claim against Defendant Griffin, and she alleges violation of state eviction procedures and falsification of records claims (*id.*). As relief, she seeks transfer of the Gary Circle property back to her, and compensatory damages for psychological and emotional suffering (*id.*).

II.     ANALYSIS

Because Plaintiffs are proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id. at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality. Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990) (citing Neitzke, 490 U.S. at 327).

The language of subsection 1915(e)(2)(B)(ii) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiffs. Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1022 (11th Cir. 2001); *see also* Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

Here, to the extent Plaintiffs claim they were injured by the state court's judgment in the divorce proceeding (or any other proceeding concerning the real property), and seek a determination of their rights to and interests in any property that was the subject of the state court judgment(s), their claims are barred by the Rooker-Feldman doctrine.[2] The Rooker-Feldman doctrine derives from two

---

[2] The court takes judicial notice of information available on the database maintained by the Escambia County Clerk of the Circuit Court, viewed April 1, 2015, http://www.escambiaclerk.com, which reveals that Defendant Glenn Griffin commenced a dissolution of marriage proceeding against Plaintiff Mary Griffin on December 1, 2011, Case No. 2011-DR-4367. *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d. Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries). On December 16, 2013, the state court entered an order transferring the Gary Circle property from Plaintiffs to Defendant Griffin. The clerk of court's database indicates that on April 10, 2014, Defendant Glenn Griffin commenced an ejectment action against Plaintiff Natosha Wilson, Case No. 2014-CA-000654. A final judgment was rendered in favor of Glenn Griffin on June 18, 2014.

Case No.: 3:14cv649/RV/EMT

Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  It bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).  Plaintiffs' claims of injury relating to the division of property in the divorce proceeding are inextricably intertwined with the state court's final judgment(s).  *See* Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (explaining that the doctrine "applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment") (internal quotation marks omitted); *see also* Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010) ("The doctrine bars the losing party in state court 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005–06, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994)).  Therefore, this federal court does not have jurisdiction to consider those claims.

Additionally, Plaintiffs' lawsuit against Judge Bergosh  is barred by the doctrine of judicial immunity.  *See* Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)); Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980);  Sibley v. Lando, 437 F.3d 1067, 1071 (11th Cir. 2005).  Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction.  Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); Mireles, 502 U.S. at 11; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

Whether an act by a judge is a 'judicial' one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  Mireles, 502 U.S. at 11 (citing Stump, 435 U.S. at 362); *see also* Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996).  The relevant inquiry is the

"nature" and "function" of the act, not the "act itself." Mireles, 502 U.S. at 13 (citing Stump, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. Stump, 435 U.S. at 355–57; *see also* Mireles, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. Simmons, 86 F.3d at 1084–85 (citing Stump, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. Dykes, 776 F.2d at 946–47 (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. Stump, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. Harper v. Merckle, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. Stump, 435 U.S. at 357 (quotation omitted).

In the instant case, the conduct of which Plaintiffs complain, specifically, Judge Bergosh's making rulings regarding the disposition of property in the divorce proceeding, are functions normally performed by a judge. Furthermore, although Plaintiffs allege Judge Bergosh lacked jurisdiction to make certain rulings because appellate proceedings were pending at the time the rulings were made, this allegation does not show that Judge Bergosh acted in the complete absence of all jurisdiction such that judicial immunity would not apply. Therefore, Plaintiffs may not maintain an action for damages against Judge Bergosh.

Additionally, liberally construing Plaintiffs' amended complaint as raising independent damages claims against Mr. Griffin and his attorney, Mr. Nusser, based upon alleged misconduct during the state court proceedings, these claims may not necessarily be barred by the Rooker-Feldman doctrine, *see, e.g.,* Kohler v. Garlets, 578 F. App'x 862, 864 (11th Cir. 2014) (unpublished); however, Plaintiffs' allegations fail to state a plausible claim for relief under § 1983. To state a claim for relief in a § 1983 action, a plaintiff must allege sufficient facts to establish that he or she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999). A private party may be considered a state actor for purposes of § 1983 only in the "rare circumstances" that one of three tests is satisfied: the state compulsion test, the public function test, or the nexus/joint action test. *See* Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). Here, Plaintiffs' amended complaint fails to allege any facts that could support a § 1983 claim against Defendant Griffin or Defendant Nusser. Defendant Griffin is a private citizen who acted on his own behalf, and Defendant Nusser is a private attorney who acted on behalf of Mr. Griffin in the state divorce proceeding. "[O]ne who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process." Cobb v. Georgia Power Co., 757 F.2d 1248, 1251 (11th Cir. 1985). Therefore, Plaintiffs' claims for damages against Defendants Griffin and Nusser under § 1983 are subject to dismissal.

Finally, to the extent Plaintiffs assert state law claims against Defendants, those claims should be dismissed without prejudice to their pursuing them in state court. It is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over the state claims against Defendants. *See* Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. *See also* United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 1138–39, 16 L. Ed. 2d 218 (1966). Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. Baggett, 117 F.3d at 1353 (citing Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994); Exec. Software

N. Am. v. United States Dist. Court, 15 F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett Cnty., 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga. 1994)). The Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial. *See* Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).

Taking these factors into account in this case, the court concludes that any state law claims that Plaintiffs assert should be dismissed to permit Plaintiffs to pursue them in a more appropriate forum. While it would be convenient for the Plaintiffs to continue litigating their case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants support retaining jurisdiction of Plaintiffs' state claims and delaying justice in other cases. Furthermore, the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so. Moreover, the supplemental jurisdiction statute contains a tolling provision. *See* 28 U.S.C. § 1367(d) (state claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"); Personalized Media Commc'ns, LLC v. Scientific-Atlantic, Inc., 493 F. App'x 78, 82 n.1 (11th Cir. 2012) ("'Section 1367(d), giving the plaintiff at least 30 days to re-file in state court after a federal court declines to exercise supplemental jurisdiction, removes the principal reason for retaining a case in federal court when the federal claim belatedly disappears.'") (citation omitted). In Krause v. Textron Fin. Corp., 59 So. 3d 1085 (Fla. 2011), the Supreme Court of Florida held that Florida state law claims are tolled while they are pending in federal court, and the plaintiff shall have 30 days after dismissal by the federal court to re-file in state court. *See id.* (citing 28 U.S.C. § 1367). This is specifically "to prevent the limitations period from expiring" on the Florida state law claim while it is being pursued in federal court in conjunction with the federal claim. *Id.* at 1091. Therefore, Plaintiffs' pursuit of their state law claims in state court would not be prejudiced by this court's declining to exercise supplemental jurisdiction over their state law claims.

In light of the foregoing, the undersigned recommends that Plaintiffs' state law claims be dismissed without prejudice to their pursuing them in state court.

For the aforementioned reasons, it is respectfully **RECOMMENDED** that:

1.      Plaintiff's' federal claims be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B).

2.      Plaintiffs' state law claims be **DISMISSED** without prejudice to Plaintiffs pursuing them in state court.

3.      The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 6<u>th</u> day of April 2015.


/s/ *Elizabeth M. Timothy*

**ELIZABETH M. TIMOTHY
CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**